dollars costs and disbursements. No opinion. Lazansky, P. J., Scudder, Tompkins, Davis and Johnston, JJ., concur.

DONATO L. CAVALLO, Respondent, v. JOSEPH CURCIO, Appellant, and Others, Defendants.— Order striking out the denials and defenses in the answer of the defendant, appellant, in a foreclosure action and granting judgment on the pleadings affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Scudder, Tompkins, Davis and Johnston, JJ., concur.

HELEN S. COHN, Respondent, v. BERNARD COHN, Appellant.— Order in a separation action (1) directing defendant to pay plaintiff sixty dollars a week for her support and the maintenance of the infant daughter; (2) to pay $1,250 counsel fee in installments; and (3) directing defendant to pay the present arrears in taxes, interest and water rates, amounting to $849.70 upon premises owned by plaintiff, modified by striking therefrom the second, third and fourth ordering paragraphs, by inserting in place thereof a provision that the counsel fee be $750; that one-half thereof ($375) be paid to the plaintiff at the office of her attorneys within ten days from the entry of the order hereon; that the remaining half be paid on or before the day of trial; and that upon payment of the first $375 the plaintiff is directed to place the case on the calendar for the next ensuing term. As so modified, the order is affirmed, without costs. In our opinion an award of counsel fee of $1,250 is excessive. The payment of the arrears was not necessary to enable plaintiff to carry on and prosecute the action, and on this motion for alimony and counsel fee *pendente lite* the court was without power to make such direction. (*Beadleston* v. *Beadleston*, 103 N. Y. 402; *Bressette* v. *Bressette*, 95 App. Div. 167.) If by reason of the threatened foreclosure plaintiff is compelled to vacate the premises now occupied by her, she may move at Special Term for an increase of alimony. Hagarty, Scudder, Tompkins, Davis and Johnston, JJ., concur. [See *ante*, p. 534.]

COMMISSIONER OF PUBLIC WELFARE OF THE CITY OF NEW YORK, on the Complaint of ELEANOR NALESNICK, Respondent, v. STEPHEN ARVAY, Appellant.— Order of the Court of Special Sessions of the City of New York, Borough of Brooklyn, in a filiation proceeding, and order denying defendant's motion for a new trial on the ground of newly-discovered evidence unanimously affirmed. No opinion. Present — Lazansky, P. J., Scudder, Tompkins, Davis and Johnston, JJ.

S. FROMM, Respondent, v. HERBERT SILK Co., INC., Appellant; HERBERT MEYER, as President and Director of HERBERT SILK Co., INC., and Another, Defendants. — Order denying motion of defendant Herbert Silk Co., Inc., to strike the case from the calendar of preferred causes reversed on the law, with ten dollars costs and disbursements, and motion granted. The plaintiff, not having been a resident of Kings county at the time that the alleged cause of action arose or at the present time, is not entitled to a preference under rule 6 of the Calendar Rules of Kings County. Lazansky, P. J., Scudder, Tompkins, Davis and Johnston, JJ., concur. See *ante*, p. 534.]

ENZO GATTY, Respondent, v. GRAMATAN CAFETERIA, INC., Appellant.—Action for personal injuries. Order of the Special [Trial] Term granting plaintiff's motion for a special preference on the ground of destitution affirmed, with twenty-five dollars costs and disbursements. No opinion. Scudder, Tompkins, Davis and Johnston, JJ., concur; Lazansky, P. J., not voting.

HYMAN GOLUB, Respondent, v. THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, Appellant.—Action on a burglary insurance policy for loss suffered

as a consequence of a burglary of the plaintiff's premises. Judgment for the plaintiff unanimously affirmed, with costs. No opinion. Present — Carswell, Scudder, Tompkins, Davis and Johnston, JJ.